IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RALPH AVILA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-1386 |
| | § | |
| LOWES COMPANIES, INC. D/B/A | § | |
| LOWES HOME IMPROVEMENT | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Lowe's Home Centers, LLC (incorrectly identified in the state court pleadings as "Lowes Companies, Inc. d/b/a Lowes Home Improvement") (hereafter "Defendant" or "Lowe's") in the cause styled "*Ralph Avila v. Lowes Companies, Inc. d/b/a Lowes Home Improvement,*" originally pending as Cause No. 236-330616-21 in the 236th Judicial District Court of Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

## I.
## BASIS FOR REMOVAL

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.  In particular, diversity jurisdiction exists in this case because there is complete diversity of

- 1 -

citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

"Lowes Companies, Inc. d/b/a Lowes Home Improvement" is a non-existent entity and, therefore, not a citizen of the State of Texas or of any state. Real Party in Interest, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the State of North Carolina. with its principal place of business in Mooresville, North Carolina.  Lowe's Home Centers, LLC is a wholly owned subsidiary of its sole member, Lowe's Companies, Inc., a publicly traded North Carolina corporation with its principal place of business also in Mooresville, North Carolina.  Neither Lowe's Home Centers, LLC nor Lowe's Companies, Inc. has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.  Therefore, Lowe's Home Centers, LLC (incorrectly identified as "Lowes Companies, Inc. d/b/a Lowes Home Improvement") is a citizen of the State of North Carolina because its sole member (Lowe's Companies, Inc.) is a citizen of the State of North Carolina.[2]

As such, complete diversity exists between the parties.

---

[1] *See* 28 U.S.C. § 1332 (2018).

[2] *See Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.")).

### III.
### FACTUAL BACKGROUND

Plaintiff claims that, on or about February 26, 2020, he was injured while attempting to move a washing machine inside a truck as he prepared it for delivery to a customer.[3] Specifically, Plaintiff alleges that he attempted to move the machine into position so a dolly could be placed underneath it, but, as he did so, his foot caught a piece of cardboard debris on the floor of the truck, causing Plaintiff to slip and hit his head on the washing machine.[4] Plaintiff filed suit on December 1, 2021, in the 236th Judicial District Court of Tarrant County, Texas, alleging employer negligence-based causes of action against Defendant, a nonsubscriber to the Texas Workers' Compensation system.

### IV.
### THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in his Original Petition that he is seeking "monetary relief of more than $250,000, but less than $1,000,000."[5]  Specifically, Plaintiff seeks damages for past and future: medical expenses, physical pain and suffering, mental anguish, physical impairment, lost wages, loss of earning capacity, and disfigurement.[6] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[7]

---

[3] *See* Pl.'s Orig. Pet., at pp. 2-3, ¶¶ 7-8, attached hereto as **Exhibit 2**.

[4] *See id*.

[5] *See id*., at p. 2, ¶ 5.

[6] *See id*., at p. 7, ¶ 15.

[7] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

**V.**
**REMOVAL IS TIMELY**

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[8] Lowe's first became aware this case was removable on or about December 4, 2021, when Lowe's was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Lowe's of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on December 1, 2021.[9]

**VI.**
**VENUE**

Venue is proper in this district under 28 U.S.C. § 1441(a) because this United States District Court for the Northern District of Texas, Fort Worth Division, embraces the county (Tarrant County, Texas) in which the removed action is pending.

**VII.**
**PROCEDURAL REQUIREMENTS**

Lowe's filed and/or will file with the Clerk of the 236th Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal contemporaneously with the filing of this Notice of Removal and/or promptly after the filing of same in compliance with 28 U.S.C. § 1446(d).

---

[8] 28 U.S.C. § 1446(b).

[9] *See id*.

Pursuant to, and in accordance with, 28 U.S.C. §§ 1446(a) and 1447(b), a copy of the state court docket sheet and filings are attached hereto:

(1)   State court docket sheet (as of December 30, 2021);[10]

(2)   Plaintiff's Original Petition (filed December 1, 2021);

(3)   Executed Return of Service of Citation (effectuated on December 4, 2021) (filed December 13, 2021); and

(4)   Defendant's Original Answer (filed December 22, 2021).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with this Notice:

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet; and

- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Lowe's Home Centers, LLC (incorrectly identified in the state court pleadings as "Lowes Companies, Inc. d/b/a Lowes Home Improvement") respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division, and for such other and further relief to which it may show itself justly entitled at law or in equity.

---

[10] The State Court Docket Sheet is attached as **Exhibit 1**.

Respectfully submitted,

/s/ Donna C. Peavler

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Sara K. Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**
**LOWE'S HOME CENTERS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on December 30, 2021.

/s/ Donna C. Peavler

Donna C. Peavler