# EXHIBIT 1

**Exhibit 1**



# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Party and Attorney Information                                    12/30/2021 8:04 AM

**Court :** [ 236 ∨ ]   **Case :** [ 330616 ]   [ Search ]   [ New Search ]

**Cause Number : 236-330616-21**                              **Date Filed : 12-01-2021**

RALPH AVILA   **| VS |**   LOWES COMPANIES, INC.

| Party Number | Party Type | Party Name | Related Party | Party Status |
|---|---|---|---|---|
| 1 | PLTF | AVILA, RALPH | | ACT |
| | **Bar ID** | **Attorney Name** | **Attorney Status** | **Phone Number** |
| | 24095214TX | GOULD, WESLEY H M | LAC | 214-953-0182 |

| Party Number | Party Type | Party Name | Related Party | Party Status |
|---|---|---|---|---|
| 4 | PREF | LOWE'S HOME CENTERS LLC | 2 | ACT |
| | **Bar ID** | **Attorney Name** | **Attorney Status** | **Phone Number** |

| Party Number | Party Type | Party Name | Related Party | Party Status |
|---|---|---|---|---|
| 2 | DEFN | LOWES COMPANIES INC | | ACT |
| | **Bar ID** | **Attorney Name** | **Attorney Status** | **Phone Number** |

| Party Number | Party Type | Party Name | Related Party | Party Status |
|---|---|---|---|---|
| 3 | DBA | LOWES HOME IMPROVEMENT | 2 | ACT |
| | **Bar ID** | **Attorney Name** | **Attorney Status** | **Phone Number** |

# EXHIBIT 2

**Exhibit 2**

236-330616-21

FILED
TARRANT COUNTY
12/1/2021 3:20 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| **RALPH AVILA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **____ JUDICIAL DISTRICT** |
| **LOWES COMPANIES, INC. D/B/A** | § | |
| **LOWES HOME IMPROVEMENT** | § | |
| | § | |
| **Defendant.** | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

NOW COMES, Plaintiff Ralph Avila, complaining of Defendant Lowes Companies, Inc. d/b/a Lowes Home Improvement ("Defendant") and files this Original Petition, and for his claims and causes of action would respectfully show the Court as follows:

### I.       PARTIES

1.       Plaintiff Ralph Avila is a resident of Crowley, Tarrant County, Texas. The last three digits of his driver's license are 891, and the last three digits of his social security number are 299.

2.       Defendant Lowes Companies, Inc. d/b/a Lowes Home Improvement is a foreign for-profit corporation, duly authorized to conduct business in the State of Texas and can be serviced by way of process by and through their registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.   VENUE AND JURISDICTION

3.      Venue is proper in Tarrant County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002, because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

4.      Jurisdiction is proper in that the damages sought well exceed the minimum jurisdictional limits of the Court.

## III.   CLAIMS FOR RELIEF

5.      Plaintiff seeks monetary relief of more than $250,000, but less than $1,000,000. As this case is in its infancy, Plaintiff reserves the right to amend as necessary.

## IV.   DISCOVERY CONTROL PLAN

6.      Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure, who's deadlines will be entered once agreed upon by all parties.

## V.   FACTS

7.      On or about February 26, 2020, Plaintiff was an employee of Defendant. At all times relevant to this lawsuit, Defendant was a non-subscriber to the Texas workers' compensation program.

8.      Plaintiff, worked in the product transportation department of the Lowes Home Improvement Store located at 770 Grapevine Highway, Hurst, Texas. He arrived at the store around 7:00 am and received a load from the store filled with various merchandise set to be delivered to homes throughout the DFW area. Plaintiff and a co-worker left the store around 7:30 in the morning with their truck full of merchandise intending to deliver the items to customers. When Plaintiff and his co-worker arrived at their third stop, Plaintiff began unstrapping a washing machine. After he was done, he attempted to move the machine into position so a dolly could be

placed underneath it. However, as he did so, his foot caught a piece of cardboard debris left by his co-worker on the floor, which caused Plaintiff to slip and hit his head on the washing machine causing injury.

## VI.    CAUSES OF ACTION AGAINST DEFENDANT

### COUNT 1: NEGLIGENCE

9.    Plaintiff adopts and incorporates each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

10.    The incident made the basis of this lawsuit and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendant in one or more of the following respects:

a)    In failing to provide and maintain a place of employment that was reasonably safe and healthful;

b)    In failing to train employees to perform proper loading and unloading procedures and/or inspect the trucks for conditions they knew had the potential to cause injury to employees;

c)    In failing to hire competent employees to perform proper loading and unloading procedures and/or inspect the trucks for conditions they knew had the potential to cause injury to employees;

d)    In failing to use ordinary care to supervise employees in the proper procedure for inspecting and properly loading company vehicles;

e)    In employing untrained and/or un-experienced employees to perform inherently dangerous and hazardous tasks;

f)    In failing to install, maintain, and use methods, processes, devices, and safeguards that were reasonably necessary to protect the life, health, and safety of Plaintiff and other employees;

g)    In failing to provide employees with safety instructions and/or safety training for the proper loading of vehicles;

h)      In failing to post safety rules and regulations so as to be reasonably conspicuous to Plaintiff;

i)      In failing to inform and/or warn employees of the potential dangers in performing dangerous and hazardous duties;

j)      By entrusting loading/unloading responsibility to an employee who they knew was not properly trained;

k)      By entrusting the maintenance and deicing responsibilities to an employee who they knew performed work in an unsafe manner.

1.      In addition to the above, and/or in the alternative, Defendant, by and through their employees, servants, and/or agents, acting within the course and scope of their employment breached certain non-delegable duties in regard to the safety of its employee, Plaintiff in this case. An employer has a non-delegable duty to provide rules and regulations for the safety of its employees, furnish safe machinery and instrumentalities, provide proper training and supervision to their employees, provide a safe workplace, and select competent fellow servants. Implicit within the duty of providing safety rules and regulations is the responsibility for ensuring that they are followed. Furthermore, if an employer is a non-subscriber to Texas Worker's Compensation, it may not assert traditional common-law defenses available to defendant in a negligence cause of action including: (1) contributory or comparative negligence; (2) assumption of risk; and (3) negligence of a fellow employee pursuant to Tex. Lab. Code Ann. § 406.033(a),(b). Accordingly, a non-subscriber employer bears a substantial risk because assignment of any negligence to the employer results in 100% liability. Plaintiff would show that Defendant was a non-subscriber to Texas Worker's Compensation at the time of the incident made the basis of this lawsuit. Defendant breached one or more of the non-delegable duties herein described. Such breach was the proximate cause of the injuries and damages sustained by Plaintiff. Such non-delegable duties referenced above cannot be avoided by the hiring of an independent contractor.

2.      Each of these acts and omissions, whether taken singularly or in combination, was a breach of Defendant's duties to Plaintiff and is the proximate cause of the incident made the basis this suit, and the injuries and damages sustained by Plaintiff.

## COUNT 2: PREMISES LIABILITY

**3.**      Plaintiff was an employee at the time of the accident.  Defendant failed to warn and repair the dangerous condition on the premises that it knew or should have known existed. Plaintiff was injured as a result of the dangerous condition and, thus, Defendant is liable to Plaintiff for all damages sustained. Alternatively, Defendant is strictly liable for the damages sustained by Plaintiff.

a)      In creating a hazard by failing to properly maintain their premises;

b)      In failing to inspect the premises to ensure that it was properly maintained;

c)      In failing to cure the dangerous condition posed by the unsafe debris which was strewn about the truck, which Defendant knew or should have known posed an unreasonable risk of harm;

d)      In failing to place warnings to alert Plaintiff of the risks imposed by using or walking on their premises; and

e)      In failing to notice or attempt to rectify or make safe the hazardous, unsafe conditions imposed on Defendant's employees on their premises.

4.      In addition to the above, and/or in the alternative, Defendant, by and through their employees, servants, and/or agents, acting within the course and scope of their employment breached certain non-delegable duties in regard to the safety of its employee, Plaintiff in this case. An employer has a non-delegable duty to provide rules and regulations for the safety of its employees, furnish safe machinery and instrumentalities, provide proper training and supervision

to their employees, provide a safe workplace, and select competent fellow servants. Implicit within the duty of providing safety rules and regulations is the responsibility for ensuring that they are followed. Furthermore, if an employer is a non-subscriber to Texas Worker's Compensation, it may not assert traditional common-law defenses available to  Defendant in a negligence cause of action including: (1) contributory or comparative negligence; (2) assumption of risk; and (3) negligence of a fellow employee pursuant to Tex. Lab. Code Ann. § 406.033(a),(b). Accordingly, a non-subscriber employer bears a substantial risk because assignment of any negligence to the employer results in 100% liability. Plaintiff would show that Defendant was a non-subscriber to Texas Worker's Compensation at the time of the incident made the basis of this lawsuit.  Defendant breached one or more of the non-delegable duties herein described. Such breach was the proximate cause of the injuries and damages sustained by Plaintiff. Such non-delegable duties referenced above cannot be avoided by the hiring of an independent contractor.

5.      Each of these acts and omissions, whether taken singularly or in combination, was a breach of Defendant's duties to Plaintiff and is the proximate cause of the incident made the basis this suit, and the injuries and damages sustained by Plaintiff.

## COUNT IV: VICARIOUS LIABILITY

11.      Plaintiff adopts and incorporates the above paragraphs and alleges that Defendant is vicariously liable for the negligent conduct of their employees, who proximately caused the incident made the basis of this lawsuit and the resulting injuries and damages of the Plaintiff.

12.      At all times precedent, upon information and belief, the workers who failed to properly load/unload Defendant's truck which caused Plaintiff injuries were under the employ or control of Defendant.

13.     At the time of the incident made the basis of this lawsuit, Defendant's employees worked at the direction of their employers in the performance of their job and were acting within the scope of their respective employer's business.

14.     Under the theory of respondeat superior, Defendant is therefore liable for the damages suffered by Plaintiff as a result of the negligence of their respective employees.

## VII.   DAMAGES

15.     As a direct and proximate cause of Defendant's negligence made the basis of this lawsuit, Plaintiff sustained serious bodily injuries. The injuries have had an adverse effect on Plaintiff's health and wellbeing, and as a further result of the nature and consequences of his injuries, Plaintiff has suffered physical pain and suffering, mental anguish, physical impairment, lost wages, loss of earning capacity, disfigurement, and in all reasonable probability, will suffer into the future.

16.     Plaintiff has also incurred past reasonable and necessary medical expenses which exceed the minimum jurisdictional limits of the court.

## VIII.  JURY DEMAND

17.     Plaintiff hereby demands a trial by jury.

## IX.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and upon final hearing, Plaintiff has and recovers from Defendant compensation for past medical expenses, past pain and suffering, past emotional distress and mental anguish, scarring and disfigurement, costs of court, pre-judgment and post-judgment interest in the highest lawful rate, and any further relief both at law and in equity to which Plaintiff may be justly entitled.

Respectfully Submitted,

**ROCHELLE MCCULLOUGH, LLP**

By: */s/ Wesley H. M. Gould*_____
Gregory H. Bevel
State Bar No. 02275800
greg.bevel@romclaw.com
Wesley H. M. Gould
State Bar No. 24095214
wgould@romclaw.com
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
(214) 953-0182 Telephone
(214) 953-0185 Facsimile
***ATTORNEYS FOR PLAINTIFF***

# EXHIBIT 3

**Exhibit 3**

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### CITATION

Cause No. 236-330616-21

RALPH AVILA

VS.

LOWES COMPANIES, INC.

FILED
TARRANT COUNTY
12/13/2021 3:23 PM
THOMAS A. WILDER
DISTRICT CLERK

TO: LOWES COMPANIES INC

D/B/A LOWES HOME IMPROVEMENT

B/S REG AGT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN,TX 78701

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

RALPH AVILA

Filed in said Court on December 1st, 2021 Against
LOWES COMPANIES INC, D/B/A LOWES HOME IMPROVEMENT

For suit, said suit being numbered 236-330616-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

WESLEY H M GOULD
Attorney for RALPH AVILA Phone No. (214)953-0182
Address    325 N ST PAUL ST STE 4500 DALLAS, TX 75201

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 2nd day of December, 2021.

By _____ Natali Thigpen _____

NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 12/03/2021
THOMAS A. WILDER
TARRANT COUNTY, TEXAS
DEPUTY CLERK
BY /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *23633061621000006*

Received this Citation on the _2nd_ day of _DEC_ _____ _2021_ at _11_ o'clock _A_ M; and executed at
_211 E. 7TH ST (620) AUSTIN, TX 78701_ county of _TRAVIS_ , State of _TX_ at _2:02_ o'clock _P_ M
on the _4_ day of _DEC_ _2021_ by delivering to the within named (Def.): _LOWES COMPANIES, INC._
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery. _VIA CERTIFIED MAIL RETURN RECEIPT_
_TO ITS REGISTERED AGENT CSC_

Authorized Person/Constable/Sheriff _____  C. G. HONE psl#468

County of _TRAVIS_ State of _TX_ By _7-3122_ _____ Deputy

Fees $ _____

State of _TX_ County of _TRAVIS_ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _C. G. HONE_ before me this _13_ day of _DEC_ , _2021_

to certify which witness my hand and seal of office

County of _TRAVIS_ , State of _TX_

(Seal)

TAMMY JO BERRYMAN
Notary Public, State of Texas
Comm. Expires 05-23-2023
Notary ID 11905245

## *CITATION*

Cause No. 236-330616-21

RALPH AVILA

VS.

LOWES COMPANIES, INC.



ISSUED

This 2nd day of December, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          NATALIE THIGPEN Deputy

WESLEY H M GOULD
Attorney for: RALPH AVILA
Phone No. (214)953-0182
ADDRESS: 325 N ST PAUL ST STE 4500

DALLAS, TX 75201

*CIVIL LAW*



*23633061621000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70201810000063665177

Remove ✕

Your item was picked up at a postal facility at 2:02 pm on December 4, 2021 in AUSTIN, TX 78701.

## ✅ Delivered, Individual Picked Up at Postal Facility

December 4, 2021 at 2:02 pm
AUSTIN, TX 78701

Feedback

**Get Updates** ∨

---

**Text & Email Updates**                                              ∨

---

**Tracking History**                                                  ∧

December 4, 2021, 2:02 pm
Delivered, Individual Picked Up at Postal Facility
AUSTIN, TX 78701
Your item was picked up at a postal facility at 2:02 pm on December 4, 2021 in AUSTIN, TX 78701.

December 3, 2021, 10:23 pm
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

December 3, 2021, 9:44 am
Arrived at USPS Regional Destination Facility
AUSTIN TX DISTRIBUTION CENTER

# EXHIBIT 4

**Exhibit 4**

236-330616-21

FILED
TARRANT COUNTY
12/22/2021 4:10 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO.  236-330616-21

| | | |
|---|---|---|
| RALPH AVILA, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 236TH JUDICIAL DISTRICT |
| | § | |
| LOWES COMPANIES, INC. D/B/A LOWES | § | |
| HOME IMPROVEMENT | | |
|     Defendant. | § | TARRANT COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER

**COMES NOW** Defendant Lowe's Home Centers, LLC (erroneously identified as "Lowes Companies, Inc. d/b/a Lowes Home Improvement") (hereafter, "Defendant" or "Lowe's") and files its Verified Denial and Original Answer to Plaintiff's Original Petition (and any amendment or supplement thereto). In support thereof, Defendant respectfully shows the Court the following:

**I.**
**VERIFIED DENIAL**

1.       By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from "Lowes Companies, Inc. d/b/a Lowes Home Improvement" in the capacity in which it has been sued. Defendant denies that "Lowes Companies, Inc. d/b/a Lowes Home Improvement" was in any way involved in the events giving rise to this action and further denies that it owned the truck in which the accident occurred and/or employed Plaintiff or any other person(s) involved in the alleged incident. Consequently, Plaintiff has no right or potential right of recovery against "Lowes Companies, Inc. d/b/a Lowes Home Improvement" because the proper party has not been sued. *See, e.g., Bailey v. Vanscot*

---

*Concrete Co.,* 894 S.W.2d 757, 759 (Tex. 1995). The proper party, if any, is Lowe's Home Centers, LLC.

## II.
## GENERAL DENIAL

2.     Defendant denies each and every material allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, demands strict proof thereof, and, to the extent that such matters are questions of fact, says Plaintiff must prove such facts by a preponderance of the evidence, if he can so do.

## III.
## DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY

3.     Defendant specifically denies Plaintiff's claims that it was negligent, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages, if any.

4.     Defendant asserts that Plaintiff may have failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, and that such negligence, if any, solely produced and proximately caused Plaintiff's alleged damages, if any.

5.     Defendant asserts that Plaintiff's alleged damages, if any, may have been caused by the acts of third persons or circumstances not under the control of Defendant. Such acts or omissions of said third persons and/or such circumstances may have been the sole, producing, proximate, intervening and/or supervening cause of Plaintiff's damages or injuries, if any.

6.     Defendant asserts any inherent dangers and risks associated with lifting, hauling, working around and/or delivering large appliances were commonly known, open and obvious,

and/or actually known to Plaintiff prior to the incident and, therefore, Defendant had no duty to warn or protect Plaintiff against such risks.

7.      Defendant asserts that Plaintiff was performing the same character of work that he and employees in his position have always done, and there is no evidence the work was unusually precarious or hazardous, inherently dangerous or unusual.

8.      Defendant asserts that Plaintiff is limited to a premises-liability claim and that no unique "nonsubscriber" duties are involved.

9.      Defendant asserts that it owed Plaintiff no duty to warn, train, or provide additional equipment or employees because the task he was performing did not require special training or tools and the risks associated with it are/were commonly known and/or appreciated by Plaintiff prior to the incident in question.

10.     Defendant further claims that the allegedly unreasonable premises condition, if any, was open and obvious, already appreciated by Plaintiff, a commonly known hazard, or was a known risk. Accordingly, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect him from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

11.     Defendant further states that it had neither actual nor constructive prior knowledge of the condition about which Plaintiff complains and that in any event, the alleged hazard was not "unreasonably dangerous."

12.     In the alternative, Defendant would show that the accident complained of was an unavoidable accident as that term is known in law, not caused by the negligence of any party.

13.     Plaintiff's damages, if any, may have been the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

14.     Plaintiff may have breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of his damages, if any. This may include failing to present available health insurance information to medical providers to take advantage of contractual write-offs and adjustments available under such health-insurance plans.

15.     Defendant asserts that Plaintiff may be malingering and/or exaggerating the nature and severity of his alleged injuries to inflate the amount of his alleged damages. Further, to the extent Plaintiff has been or is malingering and/or exaggerating the nature and severity of his alleged injuries by continuing treatment to increase the amount of his medical expenses, Defendant contends that said extended treatment is not medically necessary or reasonable.

16.     Defendant contends that any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and must be reasonable, and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

17.     Defendant contends that, pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity, and loss of contributions of pecuniary value, evidence of these alleged losses

must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

18.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

19.     In the unlikely event an adverse judgment is rendered against it, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

20.     Defendant asserts that it is further entitled to a credit or offset against any judgment that may be rendered against it for any and all amounts paid to or on behalf of Plaintiff under any of Defendant's benefit or insurance programs, including, but not limited to, the Lowe's Occupational Injury Benefit Plan.

**IV.**
**COURT REPORTER REQUESTED**

21.     Defendant respectfully requests that a court reporter be present at all proceedings before the Court.

**V.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Lowe's Home Centers, LLC (erroneously identified as "Lowes Companies, Inc. d/b/a Lowes Home Improvement") respectfully prays that Plaintiff take nothing by this cause of action; that Defendant be permitted to recover the costs and fees expended on its behalf; and for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara K. Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**
**LOWE'S HOME CENTERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on December 22, 2021.

/s/ Donna C. Peavler
Donna C. Peavler

**STATE OF TEXAS** §

§

**COUNTY OF TARRANT** §

Before me, the undersigned authority, did personally appear Donna C. Peavler, who, upon her oath deposes and says that she is one of the attorneys of record for Defendant; that she has never been convicted of a felony or disqualifying crime; that she is over the age of 18 and competent to make this verification. Accordingly, she verifies that the facts alleged in Section I. of the foregoing pleading are within her personal knowledge and true and correct.

Donna C. Peavler

Subscribed and sworn to before me on this _12_ day of December 2021.

JANIE CARDWELL KARRINGTON
Notary ID #130146028
My Commission Expires
May 28, 2024

NOTARY PUBLIC in and for the State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Donna Peavler on behalf of Donna Peavler
Bar No. 783887
dpeavler@peavlerbriscoe.com
Envelope ID: 60271664
Status as of 12/22/2021 4:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 12/22/2021 4:10:25 PM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 12/22/2021 4:10:25 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 12/22/2021 4:10:25 PM | SENT |
| Sara KimbroughScudday | | SScudday@peavlerbriscoe.com | 12/22/2021 4:10:25 PM | SENT |
| Gregory H. Bevel | 2275800 | greg.bevel@romclaw.com | 12/22/2021 4:10:25 PM | SENT |
| Wesley M.Gould | | wgould@romclaw.com | 12/22/2021 4:10:25 PM | SENT |